23-26126   September 26, 2023   RES:scm
*Attorneys for Defendants Kuehnlein Trucking, Inc. and Shawn Never*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALLYN CERNY-CARBAJAL; CARLOS CARBAJAL-ARMENDARIZ; and CDE INDUSTRIES, LLC, | : : : |
| Plaintiffs, | : |
| v. | : |
| KUEHNLEIN TRUCKING, INC. and SHAWN NEVER, | : : |
| Defendants. | : |

Case No. _____

**DEFENDANTS' NOTICE OF REMOVAL TO U.S. DISTRICT COURT**

Come now Defendants Kuehnlein Trucking, Inc. and Shawn Never ("Defendants"), by and through undersigned counsel, and hereby gives notice pursuant to 28 U.S.C. §1441, *et seq.*, of the removal of this action from the Marion County Superior Court, State of Indiana, Cause No. 49D04-2308-CT-032640 to the United States District Court for the Southern District of Indiana, Indianapolis Division, based on the following:

**FACTUAL BACKGROUND**

1. On August 18, 2023, Plaintiffs, Allyn Cerny-Carbajal; Carlos Carbajal-Armendariz; and CDE Industries, LLC (hereinafter "Plaintiffs"), filed a Complaint for Damages against Defendants in the Marion County Superior Court, State of Indiana, Cause No. 49D04-2308-CT-032640.

2. Defendants Kuehnlein Trucking, Inc. and Shawn Never were served the Summons and Complaint on August 28, 2023, via certified mail.

3. In the Complaint, Plaintiff alleges:

[¶(7).] At said time, Defendant, Shawn Never was operating a semi-tractor trailer in the scope and course of his employment and/or with the express permission of Defendant, Kuehnlein Trucking, Inc., which is vicariously liable for the negligence of Shawn Never.

[¶(8).] At said time, the Plaintiff, Allyn Cerny-Carbajal, was driving an armored van Southbound on I-69 in Marion County, Indiana. The armored van was owned by Plaintiff CDE Industries, LLC.

[¶(9).] On or about August 5, 2022, Defendant Shawn Never, while operating Defendant, Kuehnlein Trucking, Inc.'s semi-tractor trailer Southbound on I-69 in Marion County, Indiana was following too close behind and failed to stop as traffic slowed, colliding with the armored van driven by the Plaintiff, Allyn Cerny-Carbajal.

[¶(10).] At said time and place, Shawn Never negligently and carelessly failed to slow or stop the vehicle he was operating and crashed into the vehicle being driven by Allyn Cerny-Carbajal.

## DIVERSITY JURISDICTION

4. 28 U.S.C. §1332(a)(1) provides that district courts have original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

5. Pursuant to Loc. R. 81-1, a listing of the citizenship of each party and a statement that the amount in controversy exceeds the amount provided for in 26 U.S.C. § 1332(a) follows:

**Diversity of Citizenship**

6. Plaintiffs Allyn Cerny-Carbajal and Carlos Carbajal-Armendariz are citizens of the state of Indiana.

7. Defendant Shawn Never is a resident of the state of Michigan.

8. Defendant Kuehnlein Trucking, Inc. is a for-profit corporation incorporated in Michigan with a principal place of business in the state of Michigan.

9. 28 U.S.C. §1332(c)(1) provides, in pertinent part, a corporation is deemed a citizen of any state it is incorporated and the state where it has its principal place of business.

10. 28 U.S.C. §1441(a) provides, in relevant part, any civil action brought in a state court of which the district court of the United States may have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

11. This case is removable on diversity grounds because there is complete diversity of citizenship between Plaintiffs and Defendants under 28 U.S.C. § 1332.

**Amount in Controversy**

12. Pursuant to 28 U.S.C. § 1446(c)(2)(B) and 28 U.S.C. § 1441(a), removal is proper if the court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

13. To assert the amount in controversy adequately in a removal notice, a removing party "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v Owens*, 135 S. Ct. 547, 554 (2014), and the removing defendant's "short and plain" statement of the grounds for removal "need not contain evidentiary submissions." *Id.* at 552.

14. Here, Plaintiffs do not explicitly state the exact amount they claim they are owed on their claims. However, Plaintiffs' counsel has previously demanded an amount in excess of $75,000.00 within correspondence dated January 12, 2023.

15. Moreover, Plaintiffs Allyn Cerny-Carbajal and Carlos Carbajal-Armendariz were seriously and/or permanently injured as a result of Defendants' alleged negligence. Specifically, Plaintiffs allege they suffered personal injury, medical expenses, lost wages, physical pain and suffering, as well as mental anguish likely to be permanent.

16. Based on the foregoing, this matter is subject to the original jurisdiction of the Court under 28 U.S.C. §1332, and this case may be removed to this Court, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

## TIMELINESS OF REMOVAL

17. This Notice of Removal is timely in accordance with 28 U.S.C. § 1446(b)(1) because it is filed within thirty days of Defendants' receipt of the Summons and Complaint.

18. This Notice of Removal is also timely in accordance with 28 U.S.C. § 1446(c) because it is filed less than one year after commencement of the action.

## VENUE

19. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the action is pending.

## PAPERS FROM REMOVED ACTION

20. A complete copy of the entire record of the Marion County Superior Court, Cause No. 49D04-2308-CT-032640, consisting of the Complaint, Summons, Certificate of Issuance of Summons, Appearance by Attorneys on behalf of Defendants, Defendants' Answer to Plaintiffs' Complaint, and Notice and Order for Case Management Plan is attached to this Notice of Removal as **Exhibit A**, as required by 28 U.S.C. §1446(a). No other process, pleadings or orders have been received by counsel for Defendants, as filed in the state court action.

## NOTICE OF FILING NOTICE OF REMOVAL

21. Counsel for Defendants has provided a copy of the Notice of Removal to counsel for Plaintiffs.

22. Pursuant to 28 U.S.C. § 1446(d), Defendants certify that they will promptly give written notice of the filing of this Notice of Removal to all known counsel of record and will likewise file a copy of this Notice of Removal with the Clerk of the Marion County Superior Court, Indiana.

**WHEREFORE**, Defendants, Kuehnlein Trucking, Inc. and Shawn Never, respectfully request the above-captioned lawsuit be removed to the United State District Court for the Southern District of Indiana (Indianapolis division).

Respectfully submitted,

_____
R. Eric Sanders (#30420-89)
Thomas H. Datzman, Jr. (#36471-49)
ROLFES HENRY CO., LPA
55 Monument Circle, Suite 1200A
Indianapolis, Indiana 46204
Tele:      317.608.6062
esanders@rolfeshenry.com
tdatzman@rolfeshenry.com
*Attorneys for Kuehnlein Trucking, Inc. and Shawn Never*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on September 26, 2023, via the Court's Electronic Filing System and/or regular US Mail upon the following:

Charles B. Hubley, II
Alexander J. Limontes
HURST LIMONTES, LLC
50 South Meridian Street, Ste. 600
Indianapolis, IN  46204
*Attorneys for Plaintiffs*

_____
R. Eric Sanders