UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALLYN CERNY-CARBAJAL, CARLOS CARBAJAL-ARMENDARIZ, and CDE INDUSTRIES, LLC, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 1:23-cv-01724-JMS-MG |
| vs. | ) ) ) | |
| KUEHNLEIN TRUCKING, INC. and SHAWN NEVER, | ) ) ) ) | |
| *Defendants*. | ) | |

**<u>ORDER</u>**

Defendants removed the case to this Court on the basis of diversity jurisdiction. Fed. R. Civ. P. 7.1(a)(2) provides:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. §1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under §1332(a).

Defendant Kuehnlein Trucking, Inc. has filed a Rule 7.1 Disclosure Statement. However, Kuehnlien Trucking, Inc. does not provide its citizenship in its Rule 7.1 Disclosure Statement. A corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business). Defendant must provide both in

1

order for the Court to determine whether it has diversity jurisdiction over this matter. Defendant Kuehnlein Trucking, Inc. is **ORDERED** to file an Amended Rule 7.1 Disclosure Statement by **October 25, 2023** which adequately sets forth its citizenship.

Date: 10/11/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**