UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALLYN CERNY-CARBAJAL, CARLOS CARBAJAL-ARMENDARIZ, and CDE INDUSTRIES, LLC, | ) ) ) | |
| *Plaintiffs,* | ) ) ) | 1:23-cv-01724-JMS-MG |
| *vs.* | ) ) ) | |
| KUEHNLEIN TRUCKING, INC. and SHAWN NEVER, | ) ) ) | |
| *Defendants.* | ) | |

## **ORDER**

Defendants removed this case to this Court on the basis of diversity jurisdiction. Fed. R. Civ. P. 7.1(a)(2) provides:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. §1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under §1332(a).

Plaintiffs have filed a Rule 7.1 Disclosure Statement, but they do not properly provide their respective citizenships. Specifically, the Court notes the following issues with Plaintiffs' jurisdictional allegations:

- Plaintiffs have alleged that Plaintiff Carlos Carbajal-Armendariz "is a permanent resident of the state of Indiana." [Filing No. 13 at 1.] An allegation of residence is inadequate to establish diversity jurisdiction. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). An individual's citizenship for purposes of diversity jurisdiction "is the place

one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Plaintiffs must clarify whether "permanent resident of the state of Indiana" means that Indiana is the place Mr. Carbajal-Armendariz intends to remain and, therefore, that he is a citizen of Indiana.

- Despite Plaintiffs' allegation that CDE Industries, LLC is a "corporation," the Court surmises that this entity is actually an unincorporated association because "LLC" is in CDE Industries, LLC's name. To the extent that CDE Industries, LLC is an unincorporated association, Plaintiffs have not adequately provided the citizenship of an unincorporated association. The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. While Plaintiffs allege that CDE Industries, LLC is "solely owned" by Kenneth Kleinknecht, this allegation does not necessarily mean that Mr. Kleinknecht is the sole "member." Plaintiffs should clarify the number of members. If there are more members, Plaintiffs must provide the name and citizenship of each member, traced down to the lowest layer, or in order for the Court to determine whether diversity jurisdiction exists. *See Guaranty Nat'l Title Co., Inc.* 101 F.3d at 59 (in order to determine citizenship of a limited partnership, court "need[ed] to know the name and citizenship(s) of its general and limited partners").

Plaintiffs are **ORDERED** to file an Amended Rule 7.1 Disclosure Statement by **October 26, 2023,** which adequately sets forth their respective citizenships.

Date: 10/12/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**